

IN  THE  UNITED  STATES  BANKRUPTCY  COURT

FOR  THE  SOUTHERN  DISTRICT  OF  TEXAS

HOUSTON  DIVISION

ENTERED
09/11/2012

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CORRIA D. STEVENS, | ) | CASE NO. 12-32315-h3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the Chapter 13 Fee Application (Docket No. 33) filed by Azwar-Radi M. Rashid, counsel for the Debtor.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the instant application.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Corria D. Stevens ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 29, 2012.

Debtor's Chapter 13 Plan was confirmed by order entered on June 28, 2012.  (Docket No. 31).

The plan provides in pertinent part:

2. Priority Claims. From the payments made by the debtor to the Trustee, the Trustee shall pay in full, all claims entitled to priority under § 507.  Payments shall be made in the order of priority set forth in § 507(a) and § 507(b).  Payments of equal priority shall be made pro rata to holders of such claims.  Priority

claims arising under § 503(b)(2) shall be paid only after entry of an order by the Bankruptcy Court approving payment of the claim.  If this case is dismissed, no priority claim arising under § 503(b)(2) shall be allowed unless an application for allowance is filed on or before 20 days after entry of the order of dismissal.

| Name of Holder of Priority Claim | Amount of Priority Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month# | Last Payment of this Amount in Month# |
|---|---|---|---|---|---|
| Azwar-Radi M. Rashid | 200.00 per hour | | 350.00 | 1 | Estimated 10 |

(Docket No. 23)

The order confirming the plan provides in pertinent

part:

4.   Notwithstanding any estimate of the amount of a general or priority unsecured claim contained in the plan or in an order of the Court, the actual amount payable on priority claims will be the Allowed Amount of the priority claim and the actual pro-ration for distribution on general unsecured claims will be based on actual Allowed Amounts of general unsecured claims.

(Docket No. 31).

In the instant application, Azwar-Radi M. Rashid,

("Applicant") counsel for the Debtor, seeks allowance of

$5,400.00 in fees and $42.10 in expenses.

There is no dispute with respect to the reasonableness

of the fees and expenses.  The court has considered the time

records attached to the instant application, and the testimony of

Applicant, and finds that the instant application reflects

2

reasonable compensation to the debtor's attorney for representing the interests of the Debtor in connection with the bankruptcy case.

The Chapter 13 Trustee argues that Applicant is judicially estopped from seeking compensation in an amount higher than that set forth in the plan.  The Trustee did not present any evidence or cite any authority in support of this proposition.

<u>Conclusions of Law</u>

Section 330(a)(4)(B) of the Bankruptcy Code provides:

(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

In <u>In re Lasica</u>, 294 B.R. 718 (Bankr. N.D. Ill. 2003), the court held that the debtor's chapter 13 plan, which made no provision for payment of attorney fees or expenses, barred the attorney's postpetition fee application.  The rationale advanced by the court in <u>Lasica</u> was that orders confirming plans are binding on both debtors and creditors.

The instant case differs from <u>Lasica</u> in several respects.  First, unlike in <u>Lasica</u>, the plan in the instant case made provision for attorney's fees.  Second, in the instant case, the order confirming the plan expressly states that the amount to

3

be distributed on priority claims is the allowed amount of the claim, not the estimate in the plan.  The court concludes that judicial estoppel does not bar the seeking of the fee in the instant application.

Based on the foregoing, a separate Judgment will be entered granting the Chapter 13 Fee Application (Docket No. 33).

Signed at Houston, Texas on September 11, 2012.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

4